ALICE F. ANGEVINE *et al. vs.* CATHERINE O'MARA *et al.*

APRIL 25, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)  Equity.  Appeals.  Partition.*

In a bill in equity for partition, a decree ordering partition between the parties according to their respective rights and interests as set forth in the bill and appointing a commissioner to sell the real estate and to pay the purchase money into the registry of the court to await the further order of the Superior Court, is an interlocutory decree.

*(2)  Equity.  Appeals.  Partition.  Final and Interlocutory Decrees.*

A decree for partition directing the sale of the property and the payment of the purchase money into the registry of the court cannot be a final decree, where the interest of one of the respondents is a life interest and further action will be necessary to determine the value of such interest and the manner of the distribution of the proceeds of the sale.

*(3)  Equity.  Appeals.  Partition.*

From an interlocutory decree authorizing the sale of real estate an appeal is permitted by Section 34 of Chapter 289, General Laws, 1909, if taken "at any time within ten days from the entry thereof," and General Laws, 1909, Chapter 289, Section 25, providing that on an appeal from a final decree in any cause in which the Superior Court shall have ordered the sale of real estate for the purposes of partition or shall have ordered the sale of any property, real or personal, such appeal shall in no way affect the decree, does not operate to make all decrees of this character final decrees and subject to the rules regulating appeals from final decrees.

BILL IN EQUITY. Heard on motion of complainant to dismiss appeal of respondent and granted.

BAKER, J. This is a bill in equity for partition and an accounting. It was filed September 13, 1912. The answer of Catherine O'Mara was filed October 15, 1912, in which

she admits the allegations of the bill as to the respective rights and interests of the parties in and to the real estate described in the bill and also the averment in the bill that it is impossible to make partition of said real estate by metes and bounds, but denies the right of the complainant to an accounting as claimed in the bill.

(1) On October 31, 1912, the bill was taken *pro confesso* against the other respondent. On December 11, 1912, decree was entered declaring the complainants entitled to partition of said real estate; that partition be made between the parties to the suit according to their respective rights and interests as set forth in the bill and appointing a commissioner to sell and convey said real estate and to pay the purchase money into the registry of the court to await the further order and decree of the Superior Court. From said decree said respondent Catherine O'Mara, on January 10, 1913, claimed an appeal to this court.

On February 28, 1913, the complainants filed a motion in this court that said appeal be dismissed "on the ground that the decree appealed from is an interlocutory decree for the sale of said real estate and the respondent did not take an appeal from said decree to the Supreme Court at any time within ten days from the entry thereof."

We are of the opinion that the decree appealed from is an interlocutory decree. See *McAuslan* v. *McAuslan*, 34 R. I. 467, *et seq.*, for discussion as to what are interlocutory and (2) what are final decrees. While there are jurisdictions in which it is held that a decree declaring the interests of the parties and directing partition is a final decree the weight of authority is that such a decree is interlocutory. 30 Cyc. 326. A decree also is interlocutory if it orders a sale and reserves the question of the distribution of the proceeds of sale. 16 Cyc. 472. In this case the respondent O'Mara's interest is a life estate and it is obvious that testimony will hereafter be necessary in order to ascertain the value of that interest and to determine the manner of the distribution of said proceeds. We think the claim that under the proviso in

Section 25 of Chapter 289 of the General Laws a decree in equity for the "sale of real estate for the purposes of partition" is classed or characterized as a final decree is unwarranted.  If this be true of partition sales it must also be true of decrees in equity "for the sale of any property real (3) or personal" for the two clauses plainly stand in the same relation to the rest of the proviso; and if all decrees of this character are final the reference in Section 34 of Chapter 289 of the General Laws to the "sale of real or personal property" by interlocutory decree is meaningless. Inasmuch as ordinarily an appeal from a final decree in equity brings up for review all rulings, orders and decrees entered in the cause previous to the entry of the final decree, it seems probable that at least one of the purposes in the enactment of said proviso is to assure the purchasers at sales under interlocutory decrees their title to the property purchased and the finality of such sales by providing that such sales are not the subject of review in an appeal from a final decree.  From an interlocutory decree authorizing the sale of real estate an appeal is permitted by Section 34 of Chapter 289 of the General Laws if taken "at any time within ten days from the entry thereof."  The appeal in this case was not taken at any time within ten days from the entry of the decree, but thirty days thereafter and therefore is not properly before this court.

The motion to dismiss the appeal is therefore granted, and the cause is remanded to the Superior Court for further proceedings.

*William T. O'Donnell, Waterman & Greenlaw,* for complainants.  *Charles E. Tilley,* of counsel.

*Murdock & Tillinghast, Thomas A. Carroll, Walter P. Suesman,* for respondent, Catherine O'Mara.